*In re* SHUSTER

1. ATTORNEY AND CLIENT—COUNSEL—ASSIGNMENT.

Requiring an attorney to undertake the defense of an indigent criminal defendant does not violate the attorney's constitutional rights.

2. ATTORNEY AND CLIENT—COUNSEL—ASSIGNMENT—STATUTES—CONSTITUTIONAL LAW.

The statute providing for the assignment of attorneys in criminal cases involving indigents is constitutional (MCLA 775.16).

Appeal from Barry, Richard Robinson, J. Submitted Division 3 December 8, 1971, at Grand Rapids. (Docket No. 10196.) Decided January 24, 1972.

Richard M. Shuster was convicted of contempt for refusing to take an assignment to defend an indigent criminal defendant. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *David A. Dimmers,* Prosecuting Attorney, for the people.

*Richard M. Shuster, in propria persona.*

Before: R. B. BURNS, P. J., and FITZGERALD and V. J. BRENNAN, JJ.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Attorneys at Law § 207.

PER CURIAM. Appellant, a practicing attorney, was appointed by the circuit judge to undertake the defense of an indigent criminal defendant, Lester Hutchinson. Appellant refused to accept the appointment alleging that to require him to accept such an appointment amounted to an unconstitutional invasion of a lawyer's right to due process and equal protection, amounted to involuntary servitude, and denied the defendant adequate assistance of counsel. The trial court, upon appellant's refusal to accept the appointment, held appellant in contempt of court. From that order and judgment of contempt he appeals.

The question before this Court is limited to the constitutionality of the criminal appointment system. MCLA 775.16; MSA 28.1253 provides that the presiding judge of the circuit court shall appoint an attorney for the defense of an indigent criminal defendant. The power of the court to require an attorney to accept such an appointment has been vested in the courts from the very dawn of the Anglo-American judicial tradition. For a historical development of the concept of requiring attorneys to render service to indigent criminal defendants, see the appendix to *United States* v *Dillon* (*Petition of Strayer*), 346 F2d 633 (CA9, 1965).

Although there is no Michigan case directly on point, it has been almost universally held that, even in the absence of any compensation, requiring practicing attorneys to undertake the defense of indigent criminal defendants does not violate the attorney's constitutional rights. See 21 ALR3d 819, §§ 2–4, pp 821–828. We would also direct attention to *State* v *Rush*, 46 NJ 399; 217 A2d 441; 21 ALR3d 804 (1966), in which identical assertions were found to lack persuasive substance. The Supreme Court in

*Powell* v *Alabama,* 287 US 45, 73; 53 S Ct 55, 65; 77 L Ed 158, 172 (1932) held:

"The duty of the trial court to appoint counsel under such circumstances is clear, as it is clear under circumstances such as are disclosed by the record here; and its power to do so, even in the absence of statute, can not be questioned. Attorneys are officers of the Court, and are bound to render service when required by such an appointment."

Affirmed. No costs, a public question being involved.